566 F.2d 870
 HEALTH SYSTEMS AGENCY STEERING COMMITTEE FOR SOUTHEASTERN
PENNSYLVANIA and Regional Comprehensive Health
Planning Council, Inc., Appellees,
v.
MATHEWS, F. David, Individually and in his capacity as
Secretary of the Department of Health, Education
and Welfare and Department of Health,
Education and Welfare.
Appeal of City of Philadelphia, Intervenor Defendant.
 No. 77-1107.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 7, 1977.
Decided Dec. 14, 1977.
 
 Harold Cramer, Anthony E. Creato, Mesirov, Celman, Jaffe & Cramer, Philadelphia, Pa., for appellant.
 Thomas N. O'Neill, Jr., Donald W. Kramer, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellees.
 Before SEITZ, Chief Judge, STALEY and HUNTER, Circuit Judges.
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 This appeal requires us to determine whether the Secretary of Health, Education and Welfare (the Secretary) properly revised the southeastern Pennsylvania Health Service Area under the National Health Planning and Resources Development Act of 1974, 42 U.S.C. §§ 300k et seq. The District Court held that the Secretary had not complied with statutory requirements before redesignating a five-county area in southeastern Pennsylvania and granted summary judgment for plaintiffs,[1] enjoining the Secretary's revision of the area. The Secretary has not pressed an appeal, but the City of Philadelphia, which intervened as a party defendant in the District Court, urges reversal of the order. Although the District Court held that the Secretary was required to consult certain designated entities before formalizing the revision, we find instead that when a redesignation request is made by a state governor, the governor must initiate the consultations. Since the plaintiffs submitted an affidavit, not contradicted by the Secretary, that states that the consultation procedure was not followed by the governor, we find that the Secretary was without authority to make the redesignation and affirm the grant of summary judgment on this ground.
 
 I.
 
 2
 The National Health Planning and Resources Development Act (the Act) creates a statutory structure by which state and area-wide planning for health care distribution can be effectuated and coordinated. The Secretary of H.E.W. is charged with the implementation of the Act, in conjunction with state and local health planning officials. 42 U.S.C. § 300l.
 
 
 3
 One of the purposes of the Act is to delineate geographical areas (Health Service Areas) within which a central agency (Health Systems Agency) can function as a coordinating body. The Agency is responsible for providing access to health care for the area residents, restraining the rising costs of providing health care, and maximizing available funds for health care by avoiding duplication of medical facilities within the area. Id. § 300l -2(a). The Secretary is empowered to designate the geographical boundaries for the Health Systems Areas, based on the recommendations of the governor of each state. Prior to communicating his recommendation to the Secretary, the governor is required by the Act to consult with the officers and agencies of the political subdivisions within the state, the state health planning agency, entities within the state which have established regional, metropolitan, or local health care plans, and other qualified regional medical programs within the state. Id. § 300l (b)(2).
 
 
 4
 Once the Secretary has designated a Health Service Area, he remains under a duty to review the appropriateness of the area's boundaries, and to act to revise the boundaries if they no longer meet the population and resource availability requirements of section 300l (b)(4). Further, a state governor or Health Systems Agency can request a redesignation. Id.
 
 II.
 
 5
 Pursuant to this statutory framework, the Secretary sent letters seeking recommendations from the governors of each state concerning the initial designation of Health Service Areas. On May 3, 1975, Governor Shapp of Pennsylvania proposed an eight-county area for southeastern Pennsylvania and the adjacent part of southern New Jersey. Before the Secretary made his designation, the three New Jersey counties were withdrawn from the proposed area, leaving the five Pennsylvania counties Philadelphia, Delaware, Chester, Montgomery, and Bucks to comprise the revised Health Systems Area. This area was approved by the Secretary as of September 2, 1975, the date of publication of the designation in the Federal Register. 40 Fed.Reg. 40306, 40313 (Sept. 2, 1975).
 
 
 6
 On December 22, 1975, Governor Shapp requested that the Health Service Area established by the Secretary be divided into three separate areas for the purpose of the Act, one area including Bucks and Montgomery Counties, one comprised of Chester and Delaware Counties, and the third encompassing only Philadelphia County. The Secretary approved the request for the "two-two-one" format and this designation was published in the Federal Register on June 1, 1976. 41 Fed.Reg. 22119 (June 1, 1976).
 
 
 7
 Plaintiffs HSA Steering Committee and RCHPC brought suit to enjoin the Secretary from implementing the revised boundaries for separate Health Service Areas in the five-county region. They allege that the action by the Secretary and Governor Shapp constituted a requested redesignation, an action which required certain consultations pursuant to section 300l (b)(4) with the local health service entities as a precondition to its effectiveness. The Secretary moved for dismissal of the plaintiffs' suit, or in the alternative for summary judgment. The plaintiffs filed a cross-motion for summary judgment. The City of Philadelphia was granted leave to intervene as a party defendant before oral argument on the motions.
 
 
 8
 The District Court denied the Secretary's motions and granted summary judgment for the plaintiffs, enjoining the Secretary from redesignating or revising the original five-county area unless such a revision was in full compliance with the procedures mandated by the Act. The Court held that in this case, the Secretary was required to consult with the health planning entities referred to in section 300l (b)(4) before he could lawfully redesignate the five-county area into the two-two-one format. Determining that RCHPC, one of the entities required to be consulted before a redesignation could occur, had not been contacted by the Secretary, the Court found that the two-two-one designation was effected without adherence to proper procedures.
 
 III.
 
 9
 Section 300l (b)(4), which provides for the procedures to be followed in the revision or redesignation of a Health Service Area, states in part:
 
 
 10
 The Secretary shall review on a continuing basis and at the request of any Governor or designated health systems agency the appropriateness of the boundaries of the health service areas established under paragraph (300l (b)) (3) . . . . If the secretary acts on his own initiative to revise the boundaries of any health service area, he shall consult with the Governor of the appropriate State or States, the entities referred to in paragraph (300l (b))(2), the appropriate health systems agency or agencies . . . and the appropriate Statewide Health Coordinating Council . . . . A request for boundary revision shall be made only after consultation with the Governor of the appropriate State or States, the entities referred to in paragraph (300l (b))(2), the appropriate designated health systems agencies, and the appropriate established Statewide Health Coordinating Council and shall include the comments concerning the revision made by the entities consulted in requesting the revision.
 
 
 11
 The section indicates that when the Secretary is requested to revise the boundaries of a Health Service Area, a duty of consultation with the appropriate state and local entities falls on either the state governor or the Health Systems Agency for the area, whichever has made the request. An interpretive guideline promulgated by the Secretary after the District Court's disposition of this suit indicates that when the state governor requests a boundary redesignation, he must first solicit the views of the various concerned local entities, 41 Fed.Reg. 39432 (Sept. 15, 1976).
 
 
 12
 Since Governor Shapp requested the change from the five-county format to the two-two-one designation, he was responsible for the consultations that section 300l (b)(4) requires before the Secretary could find that the existing area, as initially designated, no longer met the requirements of the Act.
 
 
 13
 On the basis of an affidavit submitted by the president of RCHPC in support of plaintiff's cross-motion for summary judgment and not contradicted by the Secretary, we find that neither Governor Shapp nor members of his staff consulted with RCHPC before recommending the boundary revision. Affidavit of James H. Loucks, App. at 34a P 8. Since RCHPC is an agency entitled by the Act to be consulted before any redesignation can be recommended, the proper procedures were not followed in the revision of the five-county area into the two-two-one configuration. Consequently, an order enjoining the Secretary's redesignation unless and until the proper consultation procedures are followed is proper in this case.
 
 
 14
 Although the trial court based its decision on different grounds, this court may nonetheless affirm the order for reasons different from those relied on below. See Daburlos v. Commercial Insurance Co., 521 F.2d 18, 20 n.1 (3d Cir. 1975); Rhoads v. Ford Motor Co., 514 F.2d 931, 934 (3d Cir. 1975). Thus the order of the District Court will be affirmed.
 
 
 
 [1]
 The plaintiffs-appellees are the Health Systems Agency Steering Committee for Southeastern Pennsylvania (HSA Steering Committee) and the Regional Comprehensive Health Planning Council (RCHPC)